IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**CHESAPEAKE BANK,**
      Plaintiff,

v.                                                                  CIVIL ACTION NO. 4:14cv66

**STUART D. BERGER,**
**DEBORAH D. BERGER,**
**BERGER PROPERTIES OF OHIO, LLC,**
**BERGER PROPERTIES OF FLORIDA, LLC,**
**BERGER PROPERTIES OF TEXAS, LLC,**
**BERGER PROPERTIES OF MARYLAND, LLC,**
**S & D UNLIMITED OF TEXAS, LLC,**
**S & D UNLIMITED, LLC,**
**THE UNLIMITED GROUP, INC.,**
and
**THE LAW OFFICES OF STUART BERGER, PLLC,**
      Defendants.

## *ORDER*

Before the Court is a Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) filed by Defendants Stuart D. Berger, Deborah D. Berger, and The Law Offices of Stuart Berger, PLLC, ECF Nos. 89, 90. Plaintiff filed a Response to the Motion, ECF No. 97, and Defendants Dr. and Mrs. Berger and The Law Offices of Stuart Berger, PLLC, have filed a Reply, ECF No. 98. The Court has reviewed the briefs and attachments, and this matter is now ripe for judicial determination. For the reasons stated below the Motion is **GRANTED** in part and **DENIED** in part.

Rule 59 of the Federal Rules of Civil Procedure permits a party to file a motion to alter or amend judgment no later than 28 days after the entry of judgment. On March 4, 2015, the Court ordered the above-captioned Defendants to pay $55,800 in civil contempt penalties resulting

1

from Defendants' failure to comply with the Court's Order of October 30, 3014. ECF No. 87. Judgment was entered on March 5, 2015. ECF No. 88. The instant Motion was filed on March 30, 2015, which falls within the Rule 59(e) 28-day filing window. The Court therefore finds the Motion timely.

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding..." Defendants move for relief pursuant to Rule 60(b)(6) for two reasons: First, Defendant The Law Offices of Stuart Berger, PLLC ("Berger Law Offices") argues that it was not subject to the Court's October 30, 2014 Civil Contempt Order because the underlying Preliminary Injunction Order, upon which the Civil Contempt Order was based, was not directed at the Berger Law Offices. ECF No. 89 at 1. Plaintiff raises no objections to the Berger Law Offices being granted relief from the contempt order. ECF No. 97 at 4. The Court finds that the July 14, 2014, Preliminary Injunction was not specifically directed toward the Berger Law Offices. ECF No. 30 at 9. Therefore, Defendant The Law Offices of Stuart Berger's Motion is **GRANTED** and the judgment entered on March 5, 2015, is **AMENDED**. The Clerk is **DIRECTED** to amend the judgment to reflect that it does not apply to The Law Offices of Stuart Berger, PLLC.

The remaining Defendants move for relief from the Court's Civil Contempt Order of October 30, 2014, on the grounds that they "have been in compliance with the Court's Orders since October 30, 2014." ECF No. 90 at 4. On October 30, 2014, the Court held Defendants in civil contempt and ordered payment in the amount of $450 per day until Defendants were in full compliance with this Court's Orders. ECF No. 48. Plaintiff was ordered to notify the Court immediately upon Defendants' compliance. *Id.* On March 3, 2015, Plaintiff filed a Notice of

2

Status of Compliance, indicating that Defendants had fully complied with the Court's Orders. ECF No. 86. Subsequently, on March 4, 2015, the Court Ordered Defendants to pay $55,800 in civil contempt fines. ECF No. 87. Having reviewed the parties' briefs, the attachments, and Defendant Berger's sworn declaration, the Court finds no meritorious basis to grant the relief Defendants seek. The Court held multiple hearings and telephonic conferences between October 30, 2014, and March 3, 2015, and at no point prior to March 3, 2015, was the Court satisfied that Defendants were in compliance with the Court's October 30, 2014 Order. Defendants, "respectfully urge that the Court has mistakenly equated the lack of Notice of Status of Compliance With Court Orders by Plaintiff prior to March 3, 2015, with actual, ongoing and continual non-compliance by Defendants from October 30, 2014, to March 3, 2015." ECF No. 89 at 4. The Court is intimately familiar with this case, its procedural and factual history, and Defendants' conduct. Both the July 14, 2014, Preliminary Injunction Order and the October 30, 2014, Civil Contempt Order were clear about the Court's expectations. The Court finds that Defendants satisfied the Court's expectations as of March 3, 2015. Defendants Deborah D. Berger and Stuart D. Berger have shown no justification for this Court to grant their requested relief pursuant to Rules 59 or 60(b). Accordingly, Defendants Deborah D. Berger and Stuart D. Berger's Motion to Alter Judgment and/or for Relief from Judgment is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
May /5 , 2015

Raymond A. Jackson
United States District Judge

3