**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

CHESAPEAKE BANK,

    Plaintiff,

v.                                                                        Civil Action No. 4:14-cv-66

STUART D. BERGER, et al.,

    Defendants.

**THIRD INTERIM REPORT OF SUBSTITUTE RECEIVER**
**(FIFTH INTERIM REPORT OF RECEIVER)**

Robert B. Smith, of Protiviti Inc. ("Substitute Receiver"), receiver herein, hereby files his *Third Interim Report of Substitute Receiver (Fifth Interim Report of Receiver)*, (the "Third Report") respectfully showing the Court and interested parties as follows:

**I.      Entry of Sales Procedures Order.**

1.      On December 23, 2014, the Court issued an Order authorizing the Receiver sell "all assets of the Receivership Defendants, including properties owned by [Stuart and Deborah Berger ("Dr. and Mrs. Berger")] individually." (the "Sales Authorization Order," ECF No. 70). Shortly before filing the *Second Interim Report of Substitute Receiver (Fourth Interim Report of Receiver)* (the "Second Report," ECF No. 120), Substitute Receiver moved this Court for entry of an Order setting forth certain guidelines under which the Substitute Receiver could sell certain real property pursuant to the authority granted to him under the Sales Authorization Order (the "Motion to Approve Sales Procedures," ECF No. 118).

2.      Following the filing of the Second Report, the Court entered an Order Approving Procedures for Sales of Real Property on September 22, 2015 (the "Sales Procedures Order," ECF No. 122). Under the Sales Procedures Order, Substitute Receiver is vested with the authority to sell certain

real property (the "Remaining Receivership Properties") by private sale free and clear of any and all liens and encumbrances of any kind, subject to confirmation of the sale by the Court. In the event Substitute Receiver is unable to procure a private contract for any or all of the Remaining Receivership Properties, the Court authorized Substitute Receiver to sell any remaining properties free and clear of any liens and encumbrances by way of public auction sales.

3. Substitute Receiver is in the process of listing, marketing, and selling the Remaining Receivership Properties. Substitute Receiver is finalizing its efforts to market and sell certain of the Remaining Receivership Properties and is determining the potential equity in each of the properties.

4. Pursuant to the Sales Procedures Order and 28 U.S.C. § 2001(b), Substitute Receiver has obtained three appraisals by state-certified appraisers approved by the Court for all of the Remaining Receivership Properties, with the exception of the properties located in the state of Texas. For those properties located in Texas, Substitute Receiver has obtained two appraisals for each of the properties, and he is working to obtain the final appraisal.[1]

5. Pursuant to the Sales Procedures Order, Substitute Receiver has started to market and sell the Remaining Receivership Properties through private sales. Substitute Receiver has retained Realtors in the locations of each of the Remaining Receivership Properties to market the properties for private sales. As of the date of filing this Third Report, most of the Remaining Receivership Properties have been listed for sale. Currently, Substitute Receiver has one property under contract, for 95% of its appraised value. Substitute Receiver is working to advertise the proposed sale prior to seeking its confirmation, as required by 28 U.S.C. § 2001(b) and the Sales Procedures Order.

---

[1] The Court approved four appraisers for the properties located in Texas; however, two of the appraisers remain unable or unwilling to appraise the properties in a timely fashion. Substitute Receiver has contacted other appraisers, but none have been willing to issue an appraisal due to time constraints except for one, who wanted five times the going rate. Substitute Receiver continues to review his options for appraisals of the properties located in this jurisdiction.

Page **2** of **6**

6. In the event the Remaining Receivership Properties do not sell by private sale, Substitute Receiver intends to sell the remaining properties at auction. Substitute Receiver has discussed the sales and auction process with Tranzon, a company specializing in nationwide real estate auctions, in the event properties need to be sold at auction.

II. **Administration of Remaining Receivership Properties.**

7. Substitute Receiver continues to resolve specific, isolated issues with respect to various Remaining Receivership Properties. Substitute Receiver continues to review and resolve the issues on a property-by-property basis.

8. A specific issue has arisen regarding Mrs. Berger's occupancy of one of the Remaining Receivership Properties, specifically that property located at 2424 Avenue L, Galveston, Texas 77550 (the "Avenue L Property"). Substitute Receiver, by counsel, has worked to obtain a mutual agreement with Mrs. Berger's counsel regarding her vacation of the Avenue L Property. Substitute Receiver intends to file a Motion for Entry of an Order Setting Terms of Limited Occupancy of Real Property, which will address the terms of Mrs. Berger's departure from the Avenue L Property.

III. **Continued Record Keeping and Management Agreement.**

9. As recounted in the Second Interim Report, Substitute Receiver contracted with The Unlimited Group Inc. ("TUG") to collect rents from the real properties constituting the Remaining Receivership Properties (the "Receivership Rents"). Specifically, on June 10, 2015, Substitute Receiver and TUG entered into a management agreement (the "Management Agreement") agreeable to both parties.

10. Substitute Receiver has instructed, and upon information and belief, TUG has segregated the books and records relating to the Remaining Receivership Properties.

11. Substitute Receiver has requested TUG to provide an up to date report of the Receivership

Rents. Substitute Receiver has not had an adequate opportunity to receive and review this information. As instructed by chambers, Substitute Receiver will promptly file a supplement to this Third Report within ten days providing detailed information on the Receivership Rents.

WHEREFORE, Substitute Receiver submits his *Third Interim Report* to the Court.

Dated: December 1, 2015

/s/ Robert B. Smith, IV, Substitute Receiver
Robert B. Smith, IV
Managing Director
Protiviti Inc.
Richmond, Virginia
www.protiviti.com
Telephone: (804) 467-8998
Office: (804) 644-7000
Facsimile: (804) 644-7055
E-mail: robert.smith@protiviti.com

*Represented by:*

TROUTMAN SANDERS LLP
Jonathan L. Hauser, Esq. (VSB No. 18688)
Jeffrey H. Gray, Esq. (VSB No. 22304)
Daniel T. Berger, Esq. (VSB No. 81861)
Troutman Sanders, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-1554
E-Mail: jonathan.hauser@troutmansanders.com
E-Mail: jeffrey.gray@troutmansanders.com
E-Mail: daniel.berger@troutmansanders.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of December, 2015, I caused a true and correct copy of the foregoing to be filed with the Clerk via the Court's CM/ECF system, and service to be electronically effected on all counsel of record. I further certify that on this 1st day of December, 2015, a true and accurate copy of the foregoing was served by first-class mail, postage prepaid, on the following:

| | |
|---|---|
| Mr. and Mrs. John M. Dorsey<br>564 S. Oscola Avenue<br>Orlando, FL 32801 | Douglas J. Spring, Esq.<br>1915 N. 54th Avenue<br>Hollywood, FL 33021 |
| Baltimore County Savings Bank<br>Administrative Headquarters<br>4111 E. Joppa Road<br>Baltimore, MD 21236 | Wells Fargo Bank, N.A.<br>1 Home Campus<br>Des Moines, Iowa 50328-0001 |
| Wells Fargo Bank, N.A.<br>c/o Corporation Service Company<br>Bank of America Center, 16th Floor<br>1111 E. Main Street<br>Richmond, VA 23219 | Suntrust Mortgage, Inc.<br>1001 Semmes Avenue<br>Richmond, VA 23224 |
| JPMorgan Chase & Co.<br>c/o Corporation Service Company<br>Bank of America Center, 16th Floor<br>111 E. Main Street<br>Richmond, VA 23219 | Richard and Myra Munzinger<br>534 Nottingham Place<br>Liberty, MO 64068 |
| Mr. Louis E. Zomper<br>6546 Kury<br>Houston, TX 77002 | Ms. Brenda Moore<br>841 Emerson Street<br>Wichita, KS 67212 |
| Ms. Robin Parsley<br>3901 Nasa Parkway<br>El Lago, TX 77586-6231 | The Chasewood Bank<br>P.O. Box 90888<br>Houston, TX 77209 |

| | |
|---|---|
| Cuyahoga Clerk of Courts<br>Civil Division<br>1200 Ontario Street, 1st Floor<br>Cleveland, OH 44113 | Regions Bank f/k/a Union Planters Bank<br>c/o Corporation Service Company<br>Bank of America Center, 16th Floor<br>1111 E. Main Street<br>Richmond, VA 23219 |
| Internal Revenue Service<br>1919 Smith St.<br>Houston, TX 77002 | Internal Revenue Service<br>12941 I45 N<br>Houston, TX 77060 |
| Internal Revenue Service<br>8876 Gulf Freeway<br>Houston, TX 77017 | Internal Revenue Service<br>8701 S. Gessner<br>Houston, TX 77074 |
| Texas Comptroller of Public Accounts<br>1919 North Loop West<br>Suite 510<br>Houston, EX 77008-1354 | Texas Comptroller of Public Accounts<br>7011 Harwin Drive<br>Suite 186<br>Houston, TX 77036-2151 |

  /s/ Jeffrey H. Gray

*Counsel for Substitute Receiver Robert B. Smith*

TROUTMAN SANDERS LLP
Jonathan L. Hauser, Esq. (VSB No. 18688)
Jeffrey H. Gray, Esq. (VSB No. 22304)
Daniel T. Berger, Esq. (VSB No. 81861)
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-1554
E-Mail: jonathan.hauser@troutmansanders.com
E-Mail: jeffrey.gray@troutmansanders.com

Page **6** of **6**

27646937