**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1667

CHESAPEAKE BANK,

       Plaintiff - Appellee,

   v.

STUART D. BERGER; DEBORAH D. BERGER,

       Defendants - Appellants,

   and

BERGER PROPERTIES OF OHIO, LLC; BERGER PROPERTIES OF FLORIDA, LLC; BERGER PROPERTIES OF TEXAS, LLC; BERGER PROPERTIES OF MARYLAND, LLC; S & D UNLIMITED OF TEXAS, LLC; S & D UNLIMITED, LLC; THE UNLIMITED GROUP, INC.; LAW OFFICES OF STUART BERGER, PLLC,

       Defendants

KEITH M. NORTHERN; ROBERT B. SMITH

       Receiver.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Raymond A. Jackson, District Judge. (4:14-cv-00066-RAJ-TEM)

Submitted:  October 29, 2015            Decided:  November 10, 2015

Before KING, AGEE, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

---

Stuart D. Berger, Deborah D. Berger, Appellants Pro Se. Augustus Charles Epps, Jr., Harrison Mann Gates, Rowland Braxton Hill, IV, Belinda Duke Jones, Michael David Mueller, CHRISTIAN & BARTON, LLP, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stuart Berger and Deborah Berger appeal from the district court's order imposing contempt fines and its subsequent order denying in part their motion for reconsideration.  The Bergers contend that the nature of the contempt was criminal rather than civil.  We conclude that the contempt was civil.  The imposition of the per diem fine was plainly designed to coerce the Bergers' compliance with the court's preliminary injunction, consistent with one of the primary aims of civil contempt.  See Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827-29 (1994).

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545 (1949).  Because the contempt is civil in nature, we lack jurisdiction to consider this interlocutory appeal.  See Consol. Coal Co. v. Local 1702, United Mineworkers of Am., 683 F.2d 827, 830 n.3 (4th Cir. 1982) ("[A] civil contempt proceeding is in effect a continuance of the main action and therefore a party to a suit may not review upon appeal an order fining or imprisoning him for civil contempt except in connection with appeal from a final judgment of the main claim.").  Accordingly, we dismiss the appeal for lack of jurisdiction.  We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED